**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZELOS FIELDS, | No. 11-56345 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-00173-VAP |
| v. | |
| J. L. NORWOOD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Federal prisoner Zelos Fields appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Fields's request for oral argument is denied.

Fields challenges a prison disciplinary violation that resulted in the loss of good conduct time, contending that his right to due process was violated because he was denied staff representation at his hearing, and because he did not knowingly or voluntarily waive his right to staff representation. We review the denial of a section 2241 habeas petition de novo. *See Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008).

The record reflects that Fields was afforded the minimal procedural protections to which he was entitled. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Contrary to Fields's contention, his case was not so complicated as to entitle him to staff representation at his hearing. *See id.* at 570 (an inmate has a right to assistance from a fellow inmate or staff where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case"). Therefore, we do not reach Fields's claim that his waiver of staff representation was unknowing and involuntary.

To the extent that Fields argues that he was denied his right under *Wolff* to call witnesses, this contention is not supported by the record, which reflects that Fields never made a request to call witnesses, or identified any potential witnesses.

**AFFIRMED.**